IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ORANGEBURG DIVISION

| | | |
|---|---|---|
| Kimberly Westbury n/k/a Kimberly Thompson, | ) ) ) | C/A No.: 5:24-5968-JFA |
| Plaintiff, | ) ) ) | |
| v. | ) ) ) | **COMPLAINT** (ERISA) |
| Sun Life Assurance Company of Canada, Inc.; The Regional Medical Center of Orangeburg Long-term Disability Plan; and The Regional Medical Center of Orangeburg Group Life Insurance Plan. | ) ) ) ) ) ) ) ) | (Non-jury) |
| Defendants. | | |

Plaintiff Kimberly Westbury n/k/a Kimberly Thompson ("Plaintiff") complaining of Defendants Sun Life Assurance Company of Canada, Inc., The Regional Medical Center of Orangeburg Long-term Disability Plan, and The Regional Medical Center of Orangeburg Group Life Insurance Plan would show unto this Court as follows:

### NATURE OF THE ACTION

1. This lawsuit stems from a wrongful denial of benefits under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001, *et seq.* Plaintiff worked for The Regional Medical Center of Orangeburg ("Medical Center") as the Interim Associate Vice President of Human Resources. (Admin. R. 2954.) Plaintiff is 58 years old. While working for the Medical Center, Plaintiff was diagnosed, among other things, pelvic floor dysfunction as a result of interstitial cystitis, painful bladder syndrome, Stage 3 kidney disease, spinal stenosis, diverticulitis, and anxiety. (Admin. R. 3119.) Plaintiff experiences

1

constant and excruciating pain. Defendants have wrongfully denied Plaintiff long-term disability ("LTD") and continuation of group life insurance with waiver of premium because of disability ("LWOP") benefits. Plaintiff seeks back benefits since March 30, 2019, to present and a declaration of rights to future LTD and LWOP benefits along with prejudgment interest, attorney's fees, costs and expenses, and other equitable remedies from Defendants for their wrongful denial of the Plaintiff's benefits.

## VENUE AND JURISDICTION

2.      Plaintiff was a citizen and resident of Columbia, South Carolina when she became disabled.

3.      At all times relevant to this lawsuit, Plaintiff worked in Orangeburg, South Carolina for Medical Center.

4.      As a Medical Center employee, Plaintiff participated in The Regional Medical Center of Orangeburg Long-term Disability Plan ("LTD Plan") and The Regional Medical Center of Orangeburg Group Life Insurance Plan ("Life Plan").

5.      Plaintiff has been a participant in the group LTD Plan at all times relevant to her claim for LTD benefits described herein.

6.      Plaintiff has been a participant in the group Life Plan at all times relevant to her claim for LWOP benefits described herein.

7.      The LTD Plan was an ERISA welfare benefits plan, as defined by 29 U.S.C. § 1002(1) and 29 U.S.C. § 1132(d)(a) *et seq.*, when Plaintiff was a plan participant.

8.      The Life Plan was an ERISA welfare benefits plan, as defined by 29 U.S.C. § 1002(1) and 29 U.S.C. § 1132(d)(a) *et seq.*, when Plaintiff was a plan participant.

9. At all times relevant to this lawsuit, Defendant Sun Life Assurance Company of Canada, Inc. ("Sun Life") insured the LTD benefits provide by the LTD Plan.

10. At all times relevant to this lawsuit, Defendant Sun Life insured the life benefits provide by the Life Plan.

11. At all times relevant to this lawsuit, Defendant Sun Life served as a fiduciary to the LTD Plan.

12. At all times relevant to this lawsuit, Defendant Sun Life served as a fiduciary to the Life Plan.

13. Sun Life does business in South Carolina.

14. Sun Life is a foreign corporation headquartered in Massachusetts.

15. Sun Life is not registered to do business in South Carolina with the South Carolina Secretary of State.

16. Under the Life Plan, Plaintiff was entitled to LTD benefits so long as she remained disabled to age 70.

17. Defendants' denial of Plaintiff's LWOP claim was wrongful.

18. Defendants' denial of Plaintiff's claim for LTD benefits was wrongful.

19. As this action arises out of an employer's welfare benefit plans, the case is governed by ERISA, 29 U.S.C. § 1001, *et seq.*

20. Venue is proper under ERISA as LTD Plan and Life Plans were administered in Orangeburg, South Carolina.

21. This Court has federal question jurisdiction under ERISA.

## **FACTS**

22.     Plaintiff worked for Medical Center, most recently as the Interim Associate Human Resources Vice President for 12 years. (Admin. R. 329.)

23.     Plaintiff is very credible.  Prior to becoming disabled, she worked in the human resources profession for 32 years.

24.     During her career at the Medical Center, Plaintiff suffered from pelvic floor dysfunction as a result of interstitial cystitis, painful bladder syndrome (can't sit for more than 15 minutes and spasm), sleep disorder, concentration issues because of sleep and pain, pelvic floor collapsed from March to July 2018, Stage 3 kidney disease, spinal stenosis at three levels, disc degenerative disease, osteoarthritis, IBS, diverticulitis, small fiber neuropathy, hypothyroidism, and Grave's Disease.

25.     Her last day worked was March 27, 2018.

26.     Plaintiff applied for short-term disability ("STD") benefits and one of more of the Defendants granted her all STD benefits to which she was entitled.

27.     Defendants initially denied Plaintiff's claim for LTD benefits.

28.     After Plaintiff hired the undersigned attorney to represent her in an appeal, Defendants reversed themselves and granted Plaintiff LTD benefits from September 23, 2018, through March 29, 2019.

29.     Plaintiff's gross monthly LTD is $6,550.00 per month.

30.     Defendants have since denied Plaintiff LTD benefits since March 20, 2019.

31.     Plaintiff timely applied for LWOP benefits.

32.     The federal government found Plaintiff to engage in any substantial gainful activity as of March 25, 2018 – when Plaintiff last worked at the Medical Center.

4

33. Defendants have denied Plaintiff LWOP benefits.

34. Plaintiff is eligible for $262,000.00 in life benefits through LWOP until age 70.

35. LWOP benefits through Defendants is Plaintiff's only source of life insurance now and in the future.

36. Plaintiff timely denied Defendants' denial of disability benefits to her.

37. Plaintiff exhausted all of her administrative remedies as to LTD and LWOP benefits.

38. Plaintiff has been damaged as a result. She lost ability to pay to live independently, moved in with a friend and rent a room, accumulated $100,000.00 in credit card debt to sustain herself and to pay for her daughter's college tuition and living expenses. Used life savings including all of her retirement funds -- IRA and 401(k) – to sustain.

**FOR A FIRST CAUSE OF ACTION**
(For benefits, taxable costs, interest, and attorney's fees)
Pursuant to ERISA,
29 U.S.C. §§ 1132(a)(1)(B) and (g))

39. The allegations of paragraphs One (1) through thirty-eight (38) not inconsistent herewith are hereby realleged as fully and effectually as is set forth herein verbatim.

40. Plaintiff is informed and believes that Defendants' denials of benefits was unreasonable under ERISA, 29 U.S.C. § 1132 (a)(1)(B).

41. As a result of Defendants' unreasonable denial of benefits, Plaintiff has been forced to incur significant legal fees, costs, and expenses to secure her rightful benefits.

42. Defendants have the ability to satisfy an award of attorney's fees under 29 U.S.C. § 1132(g) and awarding Plaintiff reasonable attorney's fees would not be a hardship on Defendants.

43. Awarding attorney's fees would likely deter any continued mismanagement and mishandling of claims for benefits from these Plans so as to prevent this type of situation from occurring to the many other participants in the Medical Center's LTD and Life Plans.

44. Awarding Plaintiff reasonable attorney's fees is part of the legislative intent of Congress expressed in 29 U.S.C. Section 1001(b) in that ERISA was enacted to protect the interest of welfare plan participants by providing for appropriate remedies and sanction when Plan terms and/or ERISA are violated.

45. Based upon the foregoing, Plaintiff is entitled to an order declaring her right to LWOP; finding her entitled to LTD benefits moving forward, and to an order granting Plaintiff reasonable attorney's fees, prejudgment interest, costs, expenses incurred in connection with this lawsuit pursuant to ERISA, 29 U.S.C. Section 1132(g)(1); and for such other equitable relief as this Court deems just and proper.

**WHEREFORE,** having fully stated her Complaint against Defendants, Plaintiff prays for a declaration of entitlement to LTD disability benefits and continuation of group life benefit with waiver of premiums a/k/a LWOP she seeks pursuant to 29 U.S.C. § 1132(a)(1)(B), attorney's fees and costs pursuant to 29 U.S.C. § 1132(g) from Defendants, pre-judgment interest, and such other and further equitable relief as this Court deems just and proper.

Respectfully submitted,

s/ Nekki Shutt
Nekki Shutt (Fed. Bar No.: 6530)
BURNETTE SHUTT & MCDANIEL, PA
Post Office Box 1929
Columbia, South Carolina 29202
Tel.  (803) 904-7912
Fax  (803) 904-7910
Nsutt@BurnetteShutt.law

**ATTORNEYS FOR PLAINTIFF**

Columbia, South Carolina

October 18, 2024